Margaret A. HOFFMAN, an individual, for herself and on behalf of all others similarly situated, Plaintiff–Appellant,

and

Daniel Lopez, Plaintiff,

v.

CONSTRUCTION PROTECTIVE SERVICES, INC., a California corporation, Defendant–Appellee.

No. 09–56757.

United States Court of Appeals, Ninth Circuit.

Submitted May 3, 2011.[*]

Filed May 6, 2011.

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Fenja Klaus, Esquire, Gregory Glenn Petersen, The Petersen Law Firm, A Law Corporation, Costa Mesa, CA, for Plaintiff–Appellant.

Howard M. Knee, Blank Rome, LLP, Los Angeles, CA, Jim Douglas Newman, General Counsel, CPS Security Solutions, Inc., Gardena, CA, for Defendant–Appellee.

Before: SILVERMAN, TALLMAN, and CLIFTON, Circuit Judges.

## ORDER **

In our prior remand order, we approved an attorney's fee award of $42,000, but instructed the district court to better articulate its lodestar calculation and its downward departure from that presumptively reasonable figure. *See Hoffman v. Constr. Protective Servs., Inc.,* 293 Fed.Appx. 462, 464 (9th Cir.2008). The district court has now adequately explained the basis for the significant reduction from the amount orig-

** This disposition is not appropriate for publication and is not precedent except as provid-

inally claimed. *See McGrath v. Cnty. of Nevada,* 67 F.3d 248, 254 (9th Cir.1995) ("The significant question is whether the district court's articulation of its reasons is sufficient to permit meaningful appellate review."); *see also Hensley v. Eckerhart,* 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). However, because the district court previously ruled that the difficulty of the question, the rights vindicated, and other factors justified a fee of $42,000, we consider those findings—findings that were not appealed—to be the law of the case. Thus, we vacate and remand with direction to reenter an award of attorney's fees in the amount of $42,000.

No further appeals will be entertained in this case. *See Hensley,* 461 U.S. at 437, 103 S.Ct. 1933 ("A request for attorney's fees should not result in a second major litigation.").

**VACATED AND REMANDED.**

